**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **L.B. JEFFERSON** | * | **CIVIL ACTION NO. 2:14-cv-01711** |
| | * | |
| **VERSUS** | * | **SECTION "___" (___)** |
| | * | |
| **BAYWATER DRILLING, LLC** | * | **JUDGE:** |
| | * | |
| | * | **MAGISTRATE:** |
| | * | |
| | * | |
| | * | |

**********************************************************************

**COMPLAINT FOR MAINTENANCE AND CURE**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, L.B. JEFFERSON, who respectfully represents:

**I. PARTIES**

1. Plaintiff, L.B. JEFFERSON (hereinafter referred to as "Plaintiff"), is a person of the full age of majority, a citizen of the United States, and a resident of Marion County, Mississippi. At all times relevant herein, Plaintiff was an employee of Defendant, BAYWATER DRILLING, LLC, and was a seaman and member of the crew of the vessel or fleet of vessels owned by Defendant.

2. Defendant BAYWATER DRILLING, INC. (hereinafter referred to as "BAYWATER") is a business corporation with its principal place of business in Houma, Louisiana, which entity, at all times pertinent hereto, was licensed to do and doing business in the State of Louisiana and, further, is the owner and/or operator of the vessel or fleet of vessels involved herein and employed Plaintiff at the time of the incident involved herein.

**II. JURISDICTION AND VENUE**

3. Plaintiff brings this Civil Action under the General Maritime Law.

4. Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. Section 1331 and/or 28 U.S.C. Section 1332.

5. The amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

6. Venue is proper because the Defendant, BAYWATER, is domiciled within the territory of the United States District Court for the Eastern District of Louisiana.

## III. BACKGROUND

7. At all times relevant herein, Plaintiff was employed by BAYWATER, and was working aboard the vessel Inland Drilling Barge ("IDB"), "Caillou", in the capacity of a roustabout performing floorhand duties. In that capacity Plaintiff was essential to the mission and purpose of the vessel as a crew member. At all times relevant herein Plaintiff was working within the course and scope of his employment as a seaman and member of the crew of a vessel or fleet of vessels operated and owned by Defendant BAYWATER in the navigable waters of the State of Louisiana.

8. On or about July 16, 2014, while aboard the IDB "Caillou", Plaintiff sustained severe injuries to his mind and body including, but not limited to, his feet, ankles, legs and skin. Plaintiff, while acting in the course and scope of his employment, put on his work boots after eating a meal in the living quarters. When leaving the living quarters, his feet began to swell and blister. Plaintiff believes that something in his boot caused his condition. Due to his ailments, Plaintiff could not continue to work. After soaking his feet in ice water, per his supervisor's instruction, he was still unable to work. Shortly after, the Rig Safety Man returned Plaintiff to the Broussard Brothers Dock. After being given a ride to a Race Track store located at Highway 90

and Interstate 10, Plaintiff's condition worsened drastically, rendering him unable to walk. From there, he was transported to the emergency room by ambulance. As of the filing of this Complaint, Plaintiff remains hospitalized, being treated for his condition resulting from his exposure aboard the IDB "Caillou".

9. As a result of this incident, Plaintiff sustained severe injuries, the extent of which are not yet fully known, to the area of his feet, ankles, legs and skin, which injuries have required, and will continue to require, in the foreseeable future, extensive medical treatment, including, but not limited to, treatment in Lafayette General Hospital.

10. At all times relevant hereto, Plaintiff was employed by BAYWATER to perform work on a vessel or fleet of vessels, operated and/or owned by BAYWATER.

## IV. COUNT I – MAINTENANCE AND CURE UNDER GENERAL MARITIME LAW

11. Plaintiff brings this action against Defendant, BAYWATER, under General Maritime Law requiring an employer to provide maintenance and cure for injuries and illnesses a seaman incurred while in the service of a vessel under the seaman reaches maximum medical cure.

12. Upon Plaintiff becoming injured and/or ill in the service of the vessel, IDB "Caillou", without regard to the questions of liability, fault or negligence on the part of the Defendant and Plaintiff, BAYWATER, as the owner and operator of the vessel, became obligated to provide Plaintiff with proper medical treatment, his medical expenses and his maintenance payments to sustain and maintain himself while receiving medical treatment and while unable to resume his normal duties, commencing on July 16, 2014, and continuing thereafter until Plaintiff attains the point of maximum cure.

13. Defendant owes and continues to owe the Plaintiff a duty to provide him with

maintenance payments and medical treatment under general maritime law.

14. BAYWATER has refused to provide Plaintiff with the maintenance and cure benefits to which he is entitled by law. As a result, Plaintiff has been damaged in the amount of unpaid maintenance and cure, including all medical expenses incurred by him and not reimbursed by BAYWATER.

15. BAYWATER has refused to provide maintenance and cure without any legal, medical or reasonable justification. Although Plaintiff notified BAYWATER of his need for maintenance and cure benefits immediately following his injury and that he would suffer additional damages without assistance, BAYWATER callously refused to provide such payments.

16. BAYWATER, through its agents, attorneys and representatives acted willfully and oppressively by refusing to provide Plaintiff with maintenance and cure payments.

17. BAYWATER's denial of Plaintiff's benefits is arbitrary and capricious, and BAYWATER has, in bad faith, refused to provide maintenance and cure benefits without reasonable grounds for doing so.

## V. DAMAGES

18. Plaintiff is entitled to maintenance and cure benefits as follows:

| | | |
|---|---|---|
| a. | Past Medical expenses | $35,000.00 |
| b. | Future Medical expenses | $50,000.00 |
| c. | Maintenance @ $40/day for three months | $3,600.00 |
| d. | Attorney's Fees & Costs | $25,000.00 |
| e. | Punitive Damages | $50,000.00 |
| | TOTAL: | $163,600.00 |

## VI. PRAYER FOR RELIEF

19. WHEREFORE, Plaintiff respectfully prays for judgment herein declaring that Defendant BAYWATER has arbitrarily and capriciously refused to provide Plaintiff with maintenance and cure. Plaintiff further prays for commencement of his maintenance and cure benefits, the payment of all reasonable medical expenses, both past and future, attorney's fees, and for other such damages recognized by law, punitive or otherwise, as may be necessary and proper.

Dated: July 25, 2014

All of which is respectfully submitted,

*/s/ Hugh P. Lambert*

HUGH P. LAMBERT, T.A. (LA Bar #7933)
EMILY C. JEFFCOTT, ESQ. (LA Bar #33204)
CAYCE C. PETERSON, ESQ. (LA Bar #32217)
JEREMY Z. SOSO, ESQ. (LA Bar #31974)
The Lambert Firm, PLC
701 Magazine Street
New Orleans, Louisiana 70130
T: (504) 581-1750; F: (504) 529-2931
hlambert@thelambertfirm.com
cpeterson@thelambertfirm.com

*Counsel for Plaintiff*