UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **L.B. JEFFERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-1711** |
| **BAYWATER DRILLING, LLC** | **SECTION: "E" (4)** |

## AMENDED REPORT AND RECOMMENDATION

On July 25, 2014, plaintiff, L.B. Jefferson, filed this general maritime law claim for maintenance and cure relating to a disabling skin condition he developed while working for the defendant, Baywater Drilling, LLC ("Baywater"). *See* R. Doc. 1. The matter was tried before U.S. District Judge Susie Morgan on November 7, 2014, and on January 27, 2015, the Court issued Findings of Fact and Conclusions of Law, which included the award of attorney's fees and costs. *See* R. Doc. 41, p. 13.

On February 5, 2015, Jefferson filed the subject motion entitled **Plaintiff's Motion to Determine Quantum of Attorneys' Fees and Costs (R. Doc. 43)**. On February 16, 2015, Baywater filed its memorandum in opposition to Jefferson's motion. *See* R. Doc. 44. Jefferson thereafter filed a motion for leave to file a reply memorandum in support of the motion for attorney's fees. *See* Rec. Doc. 46.

On January 27, 2015, the motion for attorney's fees was referred to the undersigned, to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. *See* R. Doc. 41.

I.   **Factual Summary**

Jefferson seeks an award of attorney's fees in the amount of $82,814.75 because of its efforts to secure compliance from Baywater regarding its maintenance and cure obligations to

Jefferson. In support of its application, Jefferson submitted its attorneys' billing records in which the billing entries were in tenth of an hour increments. The billing entries also show that Hugh Lambert's billing rate is $500 per hour, Cayce Peterson's billing rate is $350 per hour, Jacki Smith's and Brian Mear's billing rate is $200 per hour and Leigh Bonanno's and Jenna Raden's billing rate is $125 per hour.

Baywater opposes Jefferson's fee application noting that he failed to submit an affidavit/verification regarding the current market rates and noting that Lambert and Peterson failed to present any proof that they actually have billed at the rates sought in the subject matter. *See* R. Doc. 44, p. 3. Baywater also contends that Jefferson failed to submit his fee agreement with counsel. *Id*. Baywater avers that the fee agreement would establish the hourly rate or contingency amount reflecting a percentage rate of compensation due, which according to the Baywater, would be far less than the sum sought in the current fee application. *Id.* Baywater further contends that the rates sought were excessive and the billing entries were duplicative. *Id.* at 5.

## II.   **Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The Court

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the

can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications.  *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993).  However, the lodestar should be modified only in exceptional cases.  *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections.  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**III**.   **Analysis**

    **A.**   **Reasonableness of Hourly Rates**

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates.  *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987).   Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.  *Blum*, 465 U.S. at 896 n.11.  However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate.  *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances.  The weight to be given to the opinion evidence is affected by the

---

attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Here, Jefferson has attached the affidavit of his attorney Hugh Lambert, as well as the affidavit of Scott Bickford, a partner at Martzell & Bickford. R. Docs. 46-4 and 46-5. Lambert attests that he graduated from Loyola Law School in 1973. While at Loyola, he was the editor of the Law Review and an instructor of Legal Research and Writing. R. Doc. 46-4 (Lambert Aff. ¶ 1). Upon graduating from Loyola, he served as a law clerk to Judge R. Blake West of the United States District Court of the Eastern District of Louisiana from 1973-1975. *Id*. (Lambert Aff. ¶ 2). Since 1975, he has concentrated his practice in the area of admiralty/maritime law. *Id*.

Lambert formed the Lambert Firm in the 1970s and has successfully resolved hundreds of maritime claims worldwide. *Id*. He has personally handled commercial and recreational diving injury and death claims, claims on behalf of blue water seamen, and claims involving personal injuries and death from offshore drilling operations. *Id*.

Lambert attests that Cayce Peterson is also a partner in the Lambert Firm and he received his law degree from Tulane University Law School in 2008. *Id*. (Lambert Aff. ¶ 3). Cayce practices in the area of maritime litigation and has represented several Jones Act Seamen during his career. *Id*. Cayce has also argued several legal issues in the areas of maritime injury and insurance coverage before this Court. *Id*. Cayce is admitted to practice in all of the federal courts in the state of Louisiana. *Id*.

Lambert also attests that Jacki Smith and Brian Mears are associates with the firm who attended Loyola University School of Law and Tulane University School of Law, respectively. *Id*. (Lambert Aff. ¶ 4). Smith graduated from law school in 2012 and began her career representing clients in personal injury actions before she joined the Lambert Firm. Mears graduated from law school in 2014 and began working at the firm as an attorney after he was admitted to the Louisiana State Bar in October 2014. Both Smith and Mears practice maritime law and are admitted to practice before this Court. *Id*.

Lambert attests to his firm representing clients and their families in several complex maritime, including representing families whose loved ones did not survive the capsizing of a drill ship. *Id*. (Lambert Aff. ¶ 5). He also indicates that he and other members of his firm have had significant input in Multi-District and Class Action litigation and that he served on the Plaintiff's Executive Committee in the Murphy Oil litigation. *Id*. (Lambert Aff. ¶ 6).

While Lambert attested to the skills of himself, Peterson, Smith and Mears, the Court notes that no documentation was presented attesting to the background, training or experience of Leigh Bonanno and Jenna Raden, who are represented as Paralegal Level 1 on the billing records. Therefore, Jefferson's request for the time performed by Bonanno and Raden is denied.

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

In this case, Baywater contests the reasonableness of the hourly rates of Lambert and Peterson only. Baywater contends that Jefferson failed to submit evidence that Lambert and Peterson have ever been paid at their requested rate, and aver that they should be paid $250 and

5

$220 an hour, respectively. However, Bywater does not contest the rates of Smith and Mears, and therefore, their rates are deemed reasonable.   Having determined that Smith and Mears' rates are reasonable, the Court will consider the reasonableness of the hourly rates of Lambert and Peterson.

Lambert's requested hourly rate is $500 per hour for forty (40) years of experience in maritime litigation, and Peterson's requested hourly rate is $350 for seven (7) years of experience. Based on the Court's knowledge of the prevailing market rates in this area, the Court finds that Lambert's and Peterson's hourly rates are not reasonable and shall be reduced.

The Court concludes that a reasonable rate for Lambert is $450 for his forty (40) years of experience in maritime law. *S. Louisiana Ethanol, L.L.C. v. Messer*, No. CIV.A. 11-2715, 2013 WL 4499027, at *2 (E.D. La. Aug. 20, 2013) (awarding a rate of $385.00 per hour for thirty-three (33) years of experience); *Yelton v. PHI Inc.*, No. CIV.A. 09-04182, 2012 WL 3441826, at *5 (E.D. La. Aug. 14, 2012) (awarding $400 for thirty-seven (37) years of experience); *Construction South, Inc. v. Jenkins*, 2011 WL 3892225 (E.D. La. Sept. 2, 2011) (awarding $350 per hour for two partners with thirty-six (36) and thirty (30) years of experience); *Hornbeck Offshore Services, L.L.C. v. Salazar*, No. 10–1663, 2011 WL 2214765 at *8–9 (E.D. La. June 1, 2011) (Wilkinson, M.J.), *adopted in part and revised in part*, 2011 WL 2516907 (E.D. La. June 23, 2011) (Feldman, J.), *rev'd on other grounds*, 713 F.3d 787 (5th Cir. 2013) (finding hourly rate of $420 for partner with thirty-two (32) years of experience reasonable given the facts of the case, although at the high end of rates in the New Orleans legal market).

As for Peterson, the Court finds that an hourly rate of $240 is reasonable for his seven (7) years of experience maritime law and his position as a junior partner at the firm. *McIntyre v. Gilmore*, No. CIV.A. 15-282, 2015 WL 4129378, at *2 (E.D. La. July 8, 2015) (finding $250 per hour reasonable for partners with twenty-four (24) and eleven (11) years of experience); *Kennedy*

*v. Generator & Util. Serv. Corp.*, No. CIV.A. 12-2499, 2013 WL 3456974, at *2 (E.D. La. July 9, 2013) (awarding $160.00 per hour for an associate with almost six (6) years of experience); *Smith v. Sprint/United Mgmt. Co.*, 2011 WL 6371481 (E.D. La. Dec. 20, 2011) (awarding $240 per hour for an associate with eight (8) years of experience); *Atel Mar. Investors, LP v. Sea Mar Mgmt., LLC*, No. CIV.A. 08-1700, 2011 WL 2550505, at *3 (E.D. La. June 27, 2011) (finding a reasonable rate for eleven (11) years of maritime experience is $250).

### B.     Determining the Reasonable Hours Expended

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment."  *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770.   Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (*citing Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)).   Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request.   *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987).   Hours that are not billed properly to one's client also are not properly billed to one's adversary.  *Hensley*, 461 U.S. at 434.   The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.*  Alternatively, this Court can conduct a line-by-line analysis of the time report.   *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Baywater opposes Jefferson's billing records and contends that the attorneys' fees and costs are excessive and duplicative given the fact that the case was tried on an expedited basis. *See* R. Doc. 44, p. 5. In Baywater's opposition, it identified multiple instances of over staffing and

duplicative work by attorneys. *Id.* Baywater argues that the matter was set for trial within a 90-day period, only three depositions were taken, no motions were filed, and trial lasted less than one day. *Id.* at 5-6. Additionally, Baywater contends that Jefferson had four (4) attorneys working on a simple maintenance and cure case, which led to duplicative time entries. *Id.* at 5.

After careful consideration of the billing entries on Jefferson's fee application, the Court finds that they are not reasonable as stated; as such, the next issue is how to calculate an appropriate, reasonable fee amount. To that end, the Court may either conduct a line-by-line analysis of the bill submitted, or else reduce the award by a reasonable percentage. Given the fact that Jefferson has submitted an itemized list of billable entries, as well as the fact that these entries are reasonably delineated, the Court will conduct a line-by-line analysis of the bill in question to determine whether it is reasonable. Having considered the billing entries, the Court finds that there are duplicative entries.

The Fifth Circuit has noted that "[i]f more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do may be obviously discounted." *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 535 (5th Cir.1986) (quotation omitted); *accord Phila. Indem. Ins. Co. v. SSR Hospitality, Inc.*, 459 F. App'x 308, 317 (5th Cir. 2012) (affirming lower court's decision to reduce fees for duplicative work). Furthermore, "[h]ours spent in duplicative activity or in the passive role of an observer while other attorneys perform are generally not recoverable. *Int'l Marine, LLC v. FDT, LLC*, No. CIV.A. 10-0044, 2015 WL 914898, at *16 (E.D. La. Mar. 3, 2015) (citing *Coleman v. Houston Indep. Sch. Dist.*, 202 F.3d 264, 1999 WL 1131554, at *6 (5th Cir. 1999)).

Based on the Court's review of the billing records, the Court agrees with Baywater's

contention and finds that the duplicative entries warrant a decrease in the fee award.

Having determined that the hours listed below in the table constitutes duplicative work, the Court shall reduce each attorney's hours by 50% for the duplicative work. Thus, Lambert's 13.50 hours of duplicative work shall be reduced to 6.75 hours; Peterson's 14.50 hours of duplicative work shall be reduced to 7.25 hours; Smith's 7.50 hours of duplicative work shall be reduced to 3.75 hours; and Mears 0.50 hours of duplicative work shall be reduced to 0.25 hours.

The Court finds that the remaining billing entries are reasonable. The attorneys' reasonable hours and fees are reflected in the chart below:

| Date | Description of Duplicative Hours | Lambert | Peterson | Smith | Mears | Total |
|---|---|---|---|---|---|---|
| 9/15/14 | Deposition of LB Jefferson | 2.80 | 2.80 | | | |
| 9/22/14 | Draft Plaintiff's initial disclosures | 1.00 | 1.00 | | | |
| 9/26/14 | Meeting & Email to Duvielih regarding settlement offer | 0.50 | 0.50 | | | |
| 10/24/14 | Conference with Roseita Jefferson regarding deposition preparation. | 1.50 | 1.50 | | | |
| 10/24/14 | Deposition of Rosita Jefferson | 0.50 | 0.50 | 0.50 | 0.50 | |
| 10/27/14 | Pretrial Conference with CCP, J. Duvieihl, Phil, and Judge Morgan in Chambers | 1.20 | 1.20 | | | |
| 11/7/14 | Conference with client, HPL, JLS regarding client's trial preparation | | | 1.00 | 1.00 | |
| 11/7/14 | Trial, pre-lunch | 3.50 | 3.50 | 3.50 | | |
| 11/7/14 | Trial, afternoon session | 2.50 | 2.50 | 2.50 | | |
| | **Total Duplicative Hours** | 13.50 | 14.50 | 7.50 | 0.50 | |
| | 50% reduction | 6.75 | 7.25 | 3.75 | 0.25 | |
| | Hours submitted | 40.20 | 107.00 | 23.80 | 40.80 | |
| | Duplicative hours subtracted | 6.75 | 7.25 | 3.75 | 0.25 | |
| | **Reasonable hours allowed** | 33.45 | 99.75 | 20.05 | 40.55 | |
| | Reasonable Rate | $450.00 | $240.00 | $200.00 | $200.00 | |
| | | | | | | |
| | **Attorney fee (Hours x Rate)** | $15,052.50 | $23,940.00 | $4,010.00 | $8,110.00 | $51,112.50 |

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

### D. Costs

Jefferson seeks to recover $9,084.75 for the costs incurred in this action. Upon review of the spreadsheet containing the purported costs, the Court finds that the entries are vague and not sufficiently detailed for the Court to assess if the charges are actually related to this action. For example, the spreadsheet includes the following descriptions: "WestLaw Research," "FedEx Charge," "July Copies," "August Copies," and "Filing Fee." Due to the vagueness of the descriptions enumerated, as well as the numerous other vague entries, the Court has determined that it is appropriate to reduce Jefferson's costs by 50% to **$4,542.38**.

### IV. Conclusion

**IT IS RECOMMENDED** that **Plaintiff's Motion to Determine Quantum of Attorneys' Fees and Costs (R. Doc. 43)** be **GRANTED**, and that L.B Jefferson be awarded reasonable attorney's fees in the amount of **$51,112.50**, and costs in the amount of **$4,542.38**, for a total award of **$55,654.88**, to be paid by Baywater Drilling, LLC no later than twenty-one (21) days after the adoption of this Report and Recommendation by the District Judge.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 16th day of September 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**